*E-FILED - 1/23/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCCOY, | ) No. C 08-4687 RMW (PR) |
| Petitioner, | ) ORDER RE-OPENING CASE; |
| v. | ) ORDER TO SHOW CAUSE |
| WARDEN B. CURRY, | ) |
| Respondent. | ) |

Petitioner, a state prisoner proceeding pro se, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a decision by the California Board of Parole Hearings ("Board") in finding him unsuitable for parole. On October 9, 2008, the court sent a notification to petitioner informing him that he failed to pay the filing fee and, alternatively, failed to file an application to proceed in forma pauperis. After receiving no response from petitioner, the court dismissed this action without prejudice on December 9, 2008 and closed the case.

On December 30, 2008, the court received a $5.00 filing fee attached to a letter from the Correctional Training Facility in Soledad stating that the failure to submit payment of a filing fee was the fault of the prison system's accounting system, and not the failure of petitioner. As such, the court sua sponte re-opens petitioner's case and orders respondent to show cause why the petition should not be granted.

**BACKGROUND**

In 1984, n Los Angeles County Superior Court jury found petitioner guilty of first degree murder (Cal. Pen. Code § 187). Petitioner was sentenced to 27-years to life. Petitioner filed a state habeas petition in superior court challenging the denial of his parole. The superior court denied petitioner's petition on February 19, 2008. The California Court of Appeal also denied his petition on May 15, 2008. The California Supreme court denied his petition on June 30, 2008. Petitioner thereafter filed the instant petition.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.  Petitioner's Claims

As grounds for federal habeas relief, petitioner claims that: (1) his right to due process was violated when the Board deprived him of his liberty interest in parole by arbitrarily and capriciously denying him parole because there is no evidence indicating that petitioner is a current unreasonable risk of danger to society; and (2) his right to due process was violated when the Board failed to provide him with a written statement setting forth the reasons for the denial of parole. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.  The clerk shall RE-OPEN the case.

2.  The clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the respondent and the respondent's attorney, the Attorney

General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **ninety days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of the date the opposition is filed.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/22/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Re-Opening Case; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\McCoy687oscparole.wpd    3