*E-FILED - 9/28/10*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MCCOY,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN B. CURRY,<br><br>    Respondent. | No. C 08-4687 RMW (PR)<br><br>ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT; DENYING RESPONDENT'S MOTION TO STAY ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING RESPONDENT'S REQUEST FOR A TEMPORARY STAY |

Respondent's Motion to Alter or Amend Judgment is GRANTED. An amended order granting petitioner's writ of habeas corpus and amended judgment shall be filed concurrently with this order.

Presently before the court is respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus. In the alternative, respondent requests a temporary stay so that he may seek a stay in the Ninth Circuit Court of Appeal. For the reasons below, the court rejects respondent's arguments and DENIES respondent's motion for a stay pending appeal. However, the court GRANTS respondent's alternative request for a temporary stay seeking the same in the Ninth Circuit Court of Appeal.

**DISCUSSION**

Respondent argues that application of the balancing test set forth in Hilton v. Braunskill,

481 U.S. 770 (1987), weighs in favor of the court granting a stay. Factors to consider in determining whether to issue a stay of release are generally the same as those governing stays of civil judgments: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 776.

Here, respondent has failed to establish a "strong likelihood of success on appeal." Id. at 778. The arguments proffered by respondent in support of his likelihood of success, in large part, restate arguments in his response to the petition for habeas corpus which this court previously considered and rejected. Respondent further argues that the only remedy available to petitioner after a finding that a parole decision violated due process is limited to a new parole consideration hearing. However, federal habeas courts have "broad discretion in conditioning a judgment granting habeas relief" and "dispos[ing] of habeas corpus matters 'as law and justice require.'" Id. at 775. The court is unaware of any federal law upholding a limitation as suggested by respondent. See McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (affirming district court's order requiring immediate release after due process violation in parole case). Moreover, respondent acknowledges that Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010) and Pirtle v. Cal. Bd. Of Prison Terms, 611 F.3d 1015 (9th Cir. 2010), although pending petitions for rehearing, have rejected respondent's assertion. Accordingly, the court concludes that the first Hilton factor weighs against staying the action.

Respondent asserts that he will be irreparably injured because the order usurps the Governor's constitutional and legislative mandates. The futility of remanding a parole case for re-review when a habeas court has already reviewed the evidence and found it insufficient to sustain an unsuitability finding has been rejected in both the state and federal courts. See, e.g., Blankenship v. Kane, No. C 04-5450 CW, 2007 WL 2214102 at *3-4 (N.D. Cal. July 30, 2007) (relying on McQuillion and California cases to conclude a remand to the Governor after already reversing the Governor's decision rejecting the Board's parole grant would be clear error); In re

1 | Burdan, 169 Cal. App. 4th 18, 29 (2008).

Further, respondent asserts that the state's interest in public safety will be irreparably injured should a stay not issue. However, the court's rationale in its order granting habeas relief concluded that petitioner's constitutional due process right was violated and there was no reliable evidence before the Board supporting its conclusion that petitioner's release posed an unreasonable risk to public safety. As such, the court concludes the second Hilton factors weighs against staying the action. For the same reason, the court rejects respondent's argument regarding the fourth Hilton factor that public has an interest in the Board's conclusion that petitioner remains unsuitable for parole. Therefore, even assuming the third Hilton factor weighs in favor of a stay, the remaining factors do not.

**CONCLUSION**

Respondent's Motion to Alter or Amend the Judgment is GRANTED. Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus is DENIED. However, because respondent has demonstrated a substantial claim on the merits, respondent's request in the alternative for a temporary stay to allow him to seek a stay from the Ninth Circuit is GRANTED, and the court's amended order and judgment granting habeas relief is hereby temporarily stayed for **fourteen (14) days**, to allow respondent to seek a stay from the Ninth Circuit.

IT IS SO ORDERED.

DATED: 9/28/10

RONALD M. WHYTE
United States District Judge

Order Denying Respondent's Motion to Stay Order Granting Petition for Writ of Habeas Corpus; Granting Respondent's Request for a Temporary Stay
P:\PRO-SE\SJ.Rmw\HC.08\McCoy687tempstay.wpd    3