UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS MCCOY,<br><br>    Petitioner,<br><br>v.<br><br>RANDY GROUNDS, WARDEN,<br><br>    Respondent. | Case No. C-08-04687-RMW<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; ORDER GRANTING CERTIFICATE OF APPEALABILITY**<br><br>[Re Docket No. 1, 32] |

Petitioner, Thomas McCoy, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on denial of due process for not being told the reasons why an *en banc* panel of the California Board of Parole Hearings found him unsuitable for parole. For the reasons explained below, the court denies McCoy's petition.

## I. BACKGROUND

On October 12, 1982, McCoy, age 15, and his co-defendant attempted to rob a 72-year old security guard of his gun. Sept. 12, 2006 Parole Tr. 11:23-12:16, Dkt. No. 11-2, Ex. A.[1] The security guard was shot during the robbery and died on the way to the hospital. *Id.* As McCoy fled

---

[1] The summary of events is from the probation officer's report.

ORDER RE HABEAS CORPUS
Case No. C-08-04687-RMW
SW

- 1 -

the scene, he told a witness to call an ambulance because the security guard had been shot. *Id.* Subsequently, the Los Angeles Police apprehended McCoy. *Id.*

In 1984, a jury in Los Angeles County Superior Court found McCoy guilty of first-degree murder. *See* Dkt. No. 1. McCoy was sentenced to 27-years to life. *Id.* While in prison, McCoy committed a few rule violations but none that were major or dangerous. *See* Sept. 12, 2006 Parole Tr. at 35; June 2006 Mental Health Evaluation, Dkt. No. 11-2. He participated in a variety of occupational training and self-help classes. Sept. 12, 2006 Parole Tr. at 30, 33-34. He also worked in the kitchen. *Id.* at 31-32.

At a September 12, 2006 parole hearing, McCoy addressed the parole commissioners' concerns related to his past, the crime for which he was convicted, his mental health, his personal improvements since his conviction, and his future plans if he were to receive parole. *See generally* Sept. 12, 2006 Parole Tr. McCoy also had the opportunity to make closing remarks. *Id.* 51:5-10. At the end of McCoy's hearing, the panel gave McCoy its decision, which was a split—one in favor of granting parole and one against. *Id.* 52:4-8. The commissioners stated the reasons for their decisions, and explained that since the decision was not unanimous, the current decision was tentative and his case would go to an *en banc* panel for the final determination. *Id.* 52:8-21. After the parole hearing, McCoy was given a transcript of the entire proceeding including the split panel's decision. *See generally* Sept. 12, 2006 Parole Tr.

During a November 21, 2006 executive Meeting of the Board of Parole Hearings, the Board, sitting *en banc*, denied parole for McCoy. *See En Banc* Decision, Dkt. 11-3. On October 30, 2007, McCoy filed a state habeas petition in California superior court challenging the denial of his parole. *See* Dkt. No. 11-2. The superior court and, on appeal, the court of appeals, and California Supreme Court all denied his petition. *See* Dkt. Nos. 11-4, 11-5, 11-8, 11-9, and 11-10.

McCoy filed his petition with this court on October 8, 2008. Dkt. No. 1. On September 16, 2010,[2] this court granted McCoy's petition after determining that the decision to deny him parole was not supported by "some evidence" of his current dangerousness as required by *Hayward v. Marshall*, 603 F. 3d 546, 555 (9th Cir. 2010). *See* Order, Dkt. No. 18. Because this court found

---
[2] The order was amended on September 28, 2010. *See* Dkt. Nos. 13, 18.

McCoy was entitled to habeas relief under the "some evidence" requirement, the court did not address McCoy's second argument that he was entitled to habeas relief because he failed to receive a statement of reasons for the denial of parole by the *en banc* panel. *Id*. 5 n.2. The Warden appealed this court's decision, and on April 30, 2012, the Ninth Circuit issued a memorandum, reversing and remanding the petition based on the newly decided Supreme Court decision *Swarthout v. Cooke,* 131 S. Ct. 859 (2011), which found that the "some evidence" requirement was not a liberty interest protected by the Constitution. *McCoy v. Grounds*, 472 Fed. App'x. 817 (2012); Dkt. No. 28.

## II. ANALYSIS

Because *Swarthout* eliminated McCoy's first habeas argument, the Ninth Circuit remanded with instructions for this court to determine the validity of McCoy's second habeas argument—that he did not receive the minimal constitutionally required procedures at his *en banc* parole review. *Id*. If this court determined that McCoy did not receive the required procedures, the Ninth Circuit instructed this court to determine "whether it can, under present Supreme Court precedent, provide habeas corpus relief." *Id*. at 2.

### A. Minimal Due Process Protections

"When [] a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures." *Swarthout*, 131 S. Ct. at 862. California has created a liberty interest in parole and thus McCoy is entitled to at least some due process protection. *See id.* at 861-62; *see also* Cal. Penal Code § 3041(e)(3) (requiring an *en banc* review board to "separately state reasons for its decision to grant or deny parole"). The procedures required by the Due Process Clause are, however, minimal. *Id.* at 862. Due process merely requires that an inmate be "allowed an opportunity to be heard and [be] provided a statement of the reasons why parole was denied." *Swarthout*, 131 S. Ct. at 862. McCoy argues that he should be granted habeas relief because he did not receive a statement of the reasons for the denial of parole.

### 1. Opportunity to be heard

McCoy does not deny that he had an opportunity to be heard. He spoke at the September 12, 2006 hearing and was represented by counsel. The *en banc* review took place at the executive meeting of the Board of Parole on November 21, 2006, and was limited to a review of the record of the hearing that had resulted in the split decision. *See* Cal. Penal Code § 3041(e)(2); Dkt. No. 11.

### 2. Statement of reasons for denial

The Supreme Court explained that one of the reasons for requiring a statement of reasons for the denial of parole is to provide the inmate with a guide for his future behavior. "[I]t informs the inmate in what respect he falls short of qualifying for parole," which allows the inmate to appropriately alter his behavior. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). McCoy claims he was denied this information in violation of his due process rights when the parole board did not provide him with a statement of reasons for denying him parole.

At McCoy's parole hearing on September 12, 2006, which resulted in a split decision, each of the two commissioners gave his reasons for either granting or denying parole and McCoy was provided with a written transcript of the entire hearing including these statements. On November 21, 2006, the Parole Board held an *en banc* review of the split decision and issued the following statement:

> During the November 21, 2006 Executive Meeting of the Board of Parole Hearings, the Board, sitting en banc, considered the split decision of the September 12, 2006 subsequent parole consideration hearing panel for Thomas McCoy, C-85047. By majority vote of the full Board, the prisoner was found unsuitable for parole and parole consideration was denied for one year.

Dkt. No. 11-3. On its face, this statement does not provide McCoy with the reason why the Board denied him parole. The Warden, however, argues that the only reasonable conclusion McCoy could draw was that the *en banc* denial was for the same reasons as were given by the commissioner who voted to deny parole at the September 12, 2006 hearing. The court agrees.

McCoy received a copy of the transcript of the September 12, 2006 hearing including the reasons that one of the commissioners found McCoy unsuitable for parole and voted to deny parole for one year. The full Board did not take further evidence or argument before voting to resolve the

ORDER RE HABEAS CORPUS
Case No. C-08-04687-RMW
SW

- 4 -

split decision. Although ideally the full Board should have provided McCoy with a written statement of its reasons for its decision to deny parole, no conclusion can be reasonably drawn except that the full Board denied parole on the same basis that the commissioner who had voted against parole at the September 12, 2006 hearing did. The September 12 hearing transcript combined with the statement by the full Board that "a review of the proposed decision in the case of Thomas McCoy . . . resulted in a finding of unsuitability for parole and a denial of parole consideration for one year" satisfy the minimal procedures required for due process. Dkt. No. 11-3.

Since the court finds that the minimal due process requirements were met, it does not reach the difficult question of whether, if minimal due process were not met, it could "under present Supreme Court precedent, provide habeas corpus relief." *McCoy*, 472 Fed. App'x. at 817.

### III.  ORDER

The court denies McCoy's petition for writ of habeas corpus. However, the court grants a certificate of appealability on the question of whether the Parole Board's procedure met minimal due process requirements.

Dated: September 8, 2014

Ronald M. Whyte
United States District Judge